WOLF, J.
Appellant, who is the legal father of a minor child, challenges the Department of Revenue’s (the Department) establishment of a child support obligation through administrative proceedings despite appellant’s claims that he was not the biological father. Specifically, appellant argues (I) the Department erred in failing to engage in informal discussions about his paternity dispute pursuant to section 409.2563(5)(c)5, Florida Statutes (2015); (II) the Department erred in failing to amend its proposed administrative support order when appellant provided the Department with new information that a DNA test concluded he was not the biological father; and (III) the Department failed to consider appellant’s ability to pay when calculating his child support obligation. We find the Department correctly notified appellant and his counsel that the Department lacks *968 the jurisdiction to consider challenges to paternity, and thus any challenge to paternity should have been filed in a petition to the circuit court. We also find that appellant waived his challenge to the Department's determination of his income. Thus, we affirm on these issues. Appellant raised three additional issues that we affirm without comment.

Facts

The Department provided appellant with a notice that it was initiating administrative proceedings to establish his obligation to pay child support for a five-year-old child. The notice instructed appellant that he was required by law to submit a financial affidavit. The notice • also informed appellant that his paternity had already been legally established by affidavit or voluntary acknowledgement, and only the circuit court had jurisdiction to resolve a paternity dispute. Thus, if appellant wanted to dispute his paternity, he was required to file a petition in circuit court within twenty days, at which point the administrative child support proceedings would end:
Paternity has been legally established for [the minor child] by affidavit or voluntary acknowledgement....
You or the other parent/caregiver may file a civil action in an appropriate circuit court of this state at any time to determine your paternity and/or support obligations, if any. If, within 20 days after you were served with this notice, you file an action in circuit court and serve us with a copy of the petition, this administrative proceeding will end and the action mil proceed in circuit court
[[Image here]]
Only the circuit court has jurisdiction to .,. resolve a paternity dispute .... If you want a hearing on any of these issues, you must file a petition in circuit court.
(Emphasis added).
Despite this notice, appellant’s counsel responded by submitting a letter to the Department contesting appellant’s paternity. Counsel stated that appellant was not the biological father, and she attached a copy of a DNA test that concluded appellant was not the biological father. Counsel asked the Department to “[p]lease contact me at your earliest convenience on how to proceed.” Appellant failed to submit the financial affidavit.
Soon thereafter, the Department sent appellant a proposed administrative support order along with a child support guidelines worksheet that reflected appellant’s actual net monthly income was $1,750, and he would be required to pay $515.26 a month in child support plus $103.05 a month for arrearages.
The proposed order notified appellant that he could request an administrative hearing before the Department of Administrative Hearings (DOAH) regarding his support obligation within twenty days. However, the notice warned that “[a]ny hearing will consider only issues related to child support,” because “[n]either DOR nor DOAH has authority in this proceeding to decide issues of.... contested paternity. Only the circuit court may decide th[is] issue.” The notice also stated that appellant could contact the Department within ten days to discuss the proposed order informally, and doing so would extend the deadline for requesting an administrative hearing.
Despite this second notice that the Department lacked the jurisdiction to decide an issue of contested paternity, appellant’s counsel again responded by submitting a letter to the Department contesting appellant’s paternity based on the DNA test. Counsel asked the Department to “cease *969 seeking child support” and “immediately close this file.” Counsel also asked the Department to contact her to “resolve this matter.”' ■
A few weeks later, counsel filed a petition to disestablish paternity in the circuit court; however, it was filed long after the twenty-day deadline had passed in order for such a petition to serve as an end to the administrative proceedings.
The Department entered a final administrative support order reflecting the.same income and child support obligation as set forth in the proposed order. The Department also issued an income deduction order that required appellant’s employer to deduct appellant’s child support obligation from his pay.
I, Informal Discussions
Appellant argues the Department erred in failing to engage in informal discussions regarding his paternity dispute. Section 409.2563(5)(c)5, Florida Statutes (2015), states that within ten days after the Department issues a proposed administrative support order, a parent may “contact a department representative ... to informally discuss the proposed administrative support order and, if informal discussions are requested timely, the time for requesting a hearing will be extended' until 10 days after the department notifies the parent that the informal discussions have been concluded.”
Appellant’s counsel notes that in her letter in response to the proposed administrative support order, she asked the Department to “immediately close this file” and to “contact me ... to resolve this matter.” Counsel argues this letter constituted a request for informal discussions; however, the Department failed to engage in informal discussions as required by section 409.2563(5)(c)5 and instead issued the final administrative support order.
The Department agrees that section 409.2563(5)(c)5 requires it to enter into informal discussions regarding a proposed support order; however, it argues that this Section does not require it to informally discuss paternity, which is an issue that was not determined by the support order and lies outside of the Department’s jurisdiction. The Department is correct.
Section 409.2563(2)(b), Florida Statutes (2015), which governs administrative proceedings by the Department to establish child support, states that “[t]his section does hot grant jurisdiction to the department or the Division of Administrative Hearings to hear or determine issues of ... disputed paternity, except for a determination of paternity as provided in s. 409.256.” Section 409.256(2)(a), Florida Statutes (2015), permits the Department to commence a paternity proceeding if no one is named as the father oh the child’s birth certificate and the child’s paternity has not otherwise been established. Here, appellant acknowledges that his name was on the birth certificate, and thus section 409.256 does not apply.
The fact -that appellant’s name appears on the birth certificate indicates that he signed an affidavit agreeing that he was the father, and that affidavit constitutes the establishment .of paternity. See § 382.013(2)(c), Fla. Stat. (2015) (“If the mother is not married at the time -of the birth, the name of the father may not be entered on the birth certificate without the execution of an affidavit signed by both the mother and the person to be named as the father.”); § 742.10(1), Fla. Stat. (2015) (“[I]f an affidavit acknowledging paternity .... is executed by both parties ... [the] affidavit ... -constitutes the establishment of paternity....”).
The law is clear that “[t]o disestablish paternity or terminate a child support obligation, the male must.file a petition in the circuit court having jurisdiction over the child support obligation” and serve the *970 petition on the Department. § 742.18(1), Fla. Stat. (2015). One of the permissible grounds for seeking to disestablish child support is a DNA test reflecting that the male is not the child’s biological father. See § 742.18(l)(a)-(b), Fla. Stat. However, “[t]he male’s previous status as father continues to be in existence until the order granting relief is rendered.” § 742.18(5), Fla. Stat.
Here, the Department repeatedly and correctly informed appellant and his counsel that appellant’s paternity had already been legally established, that the Department lacked jurisdiction to consider a challenge to his paternity, and that any challenge to his paternity must have been filed in circuit court. It is unclear what else appellant’s counsel believes the Department could have said during informal discussions. The Department did not violate section 409.2563(5)(c)5 by failing to informally discuss a matter over which it had already informed appellant that it lacked jurisdiction to consider.
II. DNA Test Results
Appellant argues the Department erred in failing to amend its proposed administrative support order after appellant responded by giving the Department “new” information that a DNA test determined that appellant was not the father.
Section 409.2563(5)(d), Florida Statutes (2015), states that after the Department submits a proposed administrative support order, if “the department receives additional information that makes it necessary to amend the proposed administrative support order, it shall prepare an amended proposed administrative support order, with accompanying amended child support worksheets and other material necessary to explain the changes.”
Here,-appellant’s counsel notes that she responded to the proposed administrative support order by sending the Department a letter with a copy of a DNA test that concluded appellant was not the father. However, this was not “new” or “additional” information. Counsel had already submitted those DNA test results in her first letter to the Department.
Further, counsel fails to explain why the DNA test results should have compelled the Department to amend its proposed administrative support order. In her letter, counsel asked the Department to accept that appellant was not the father and “immediately close this file.” However, as discussed above, appellant’s paternity had already been established, and the Department lacked jurisdiction to consider a paternity dispute. Therefore, not only were the DNA test results not new information, they were also not grounds upon which the Department could have suspended its administrative support action against appellant.
III. Ability to Pay
Appellant argues the Department erred by failing to consider his ability to pay. He argues the income deduction order lacked a finding that he had the ability to pay, and the final administrative support order lacked a finding explaining what information the Department relied on in determining his income. He argues his actual income is only $1,100 a month, and if he is required to pay $618.31 a month in child support, he will have only $481.69 a month to support himself and his two other minor children.
First, it is unclear why appellant’s counsel believes the income deduction order should have included a finding that appellant had the ability to pay. An order imposing child support must include a finding on the ability to pay. See Valdes v. Valdes, 6 So.3d 731, 732 (Fla. 1st DCA 2009) (“If a trial court does not articulate findings regarding the actual or adjusted income of the parties, this Court cannot *971 determine whether a child support award is within the guidelines.”). However, the order that imposed appellant’s child support obligation was the final administrative support order, and that order included a specific finding that appellant “has the ability to provide support as determined by this final order.”
The income deduction order does not impose an obligation on appellant. It merely instructs appellant’s employer to withhold child support to fulfill appellant’s obligation as imposed by the final administrative support order.. The information that must be included in an income deduction order is set forth in section 61.1301(2)(e), Florida Statutes (2015), but that section does not require a finding of ability to pay. Thus, the Department did not err in failing to include a finding of an ability to pay in the income deduction order.
Second, appellant’s counsel has similarly failed to provide any authority to support her argument that a final administrative support order must specify the information relied on by the Department in calculating income. Section 409.2563(5)(a) states that “[i]f either parent fails to comply with the requirement to furnish a financial affidavit, the department may proceed on the basis of information available from any source, if such information is sufficiently reliable and detailed to allow calculation of guideline schedule amounts under s. 61.30.” Here, appellant failed to submit the financial affidavit. Thus, the Department was entitled to rely on any sufficiently reliable information.
Finally, appellant has waived any challenge to the Department’s determination of his income or to the information relied on by the Department in reaching that conclusion. Appellant failed to submit the required financial affidavit, and he failed to request an administrative hearing to challenge the proposed administrative support order, which listed his monthly income as $1,750. Thus, this issue was waived. As such, the final administrative support order is AFFIRMED.
LEWIS and OSTERHAUS, JJ., concur.